SAMUEL L. GOLDSTEIN, Respondent, *v.* JACOB SHAPIRO, Appellant.

(Argued May 11, 1931; decided June 2, 1931.)

*Allan S. Locke* for appellant. The defenses are sufficient in law. (*Jones* v. *Butler,* 87 N. Y. 613; *Horton* v. *Horton,* 83 Hun, 213; *Weeks* v. *O'Brien,* 141 N. Y. 199; *Glazer* v. *Home Ins. Co.,* 190 N. Y. 6; *Winter* v. *American Analine Products,* 236 N. Y. 199; *Sewell* v. *Bridge,* 1 Ves. Sr. 296; *Brown* v. *Perkins,* 1 Hare, 564; *Adler* v. *Jones,* 208 Ala. 481; *Reliance L. Ins. Co.* v. *Russell,* 208 Ala. 559; *Farnham* v. *Le Bolt,* 133 App. Div. 520; *Eisner* v. *Pringle Memorial Home,* 130 App. Div. 559; *Holdridge* v. *Mc Kewen,* 107 Ark. 367; *Hamer* v. *Sidway,* 124 N. Y. 538; *Jones* v. *United States,* 96 U. S. 24; *White* v. *Hoyt,* 73 N. Y. 505; *Moers* v. *Moers,* 229 N. Y. 294; *Rodgers* v. *Rodgers,* 235 N. Y. 408; *McGovern* v. *City of New York,* 234 N. Y. 392; *Mississippi Shipbuilding Corp.* v. *Lever Bros. Co.,* 237 N. Y. 1; *Nassau Supply Co.* v. *Ice Service Co.,* 252 N. Y. 277; *Bernstein* v. *Kritzer,* 235 N. Y. 410; *Smith* v. *Dotterweich,* 200 N. Y. 299; *Schwartzreich* v. *Bauman-Basch, Inc.,* 231 N. Y. 196.)

*Samuel Gottlieb* for respondent. The first affirmative defense which attempts to plead waiver is bad in substance as well as in form. (*Clark* v. *West,* 193 N. Y. 349; *Kronman & Co.* v. *Public Nat. Bank,* 218 App. Div. 624.) The second affirmative defense based on the theory of mutual release is insufficient in law upon the face thereof. (*Rodgers* v. *Rodgers,* 235 N. Y. 408; *Bradford Co.* v. *Dunn,* 250 N. Y. 461.)

*Per Curiam.* The parties were the sole members of a copartnership and by the terms of their agreement, annexed to the complaint and marked Exhibit "A," they contracted that defendant would invest $4,000 in the business, that plaintiff would invest $11,000 and that all losses should be equally borne between them. The business was unsuccessful and they assigned all their assets to trustees for the benefit of creditors. A copy of the agreement by which this assignment was made is annexed to the complaint and marked Exhibit " B." In this action to recover from defendant his proportionate share of the losses sustained by the partnership, plaintiff alleges that he contributed capital in the sum of $13,854.50 and that defendant contributed only the sum of $4,600. In the answer this allegation respecting the amount of plaintiff's contribution is denied and by way of a second separate defense the answer alleges: " *Sixth.* Alleged on information and belief that as a condition of the execution of the Settlement Agreement Plaintiff's Exhibit ' B,' by the plaintiff and defendant, it was agreed by and between them that they would and did release each other from any and all liability arising out of the copartnership agreement, plaintiff's Exhibit ' A.' " This defense has been stricken out as insufficient but we think that, as matter of pleading, it is good. If the fact be proved on the trial that these parties agreed to release and forego whatever right each might possess against the other, the contract will be shown to be supported by a valid consideration.

The order of the Appellate Division and that of the Special Term should be reversed and the motion denied, with costs in all courts and the questions certified answered as follows: first question, " no; " second question, " yes."

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.